UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    X
THE NEW YORK TIMES COMPANY                          :
and CHARLIE SAVAGE,                                 :
620 Eighth Avenue, 18th Floor                       :
New York, NY 10018                                  :
                                                    :
                          Plaintiffs,               :
                                                    :   Civil Action No. 17-cv-87
            - against -                             :
                                                    :
U.S. DEPARTMENT OF JUSTICE,                         :
950 Pennsylvania Avenue, NW                         :
Washington, DC 20530                                :
                                                    :
                          Defendant.                :
                                                    :
                                                    :
_____X

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiffs THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE, by their undersigned attorneys, allege for their Complaint:

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to obtain an order for the production of agency records from Defendant in response to a FOIA request properly made by Plaintiffs.

2.  On May 24, 1984, Theodore B. Olson, at the time the Assistant Attorney General for the Office of Legal Counsel at the Department of Justice, transmitted a memorandum to the Attorney General (the "Olson Memorandum"), along with a cover letter (the "Cover Letter"). According to its subject line, the Olson Memorandum examined the constitutionality of National Security Agency ("NSA") surveillance activity not authorized by the Foreign

Intelligence Surveillance Act of 1978, Pub. L. No. 95-511, 92 Stat. 1783 (codified as amended at 50 U.S.C. §§ 1801 *et seq.*).

3. The memorandum has long been a cornerstone of the executive branch's constitutional analysis of NSA electronic surveillance activity.

4. It has been cited as precedent in a key U.S. Department of Justice ("DOJ") document.  *See* Memorandum from Kenneth L. Wainstein, Ass't Att'y Gen., Nat'l Sec. Div., U.S. Dep't of Justice, to Att'y Gen., U.S. Dep't of Justice 4 n.4 (Nov. 20, 2007), *available at* http://bit.ly/1p2yK4d.

5. Its significance has also been discussed in congressional testimony.  *See* Colloquy During Att'y Gen. Confirmation Hr'g, Sen. Dianne Feinstein & then-U.S. Att'y Loretta Lynch (Jan. 28, 2015), *available at* http://cs.pn/2hM18UT.

6. The two requests at issue in this action, filed by Plaintiffs in October and December 2016, seek the disclosure of the Olson Memorandum and the Cover Letter.

7. DOJ failed to respond to the request in 20 business days, as required under FOIA. *See* 5 U.S.C. § 552(a)(6)(A).

**PARTIES**

8. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com.  The New York Times Company is headquartered at 620 Eighth Avenue, New York, N.Y.

9. Plaintiff Charlie Savage is a reporter for *The New York Times* and an employee of The New York Times Company.

10. Defendant DOJ is an agency of the federal government that has possession and control of the records that Plaintiffs seek.

11. Defendant DOJ is headquartered in this judicial district.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

13. Venue is proper in the District of Columbia. *See* 5 U.S.C. § 552(a)(4)(B).

14. Plaintiffs have exhausted all administrative remedies available. Defendant has failed to make an initial determination within the time frame set by FOIA, and therefore Plaintiffs are deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

15. The documents sought by the two FOIA requests at issue relate to Plaintiffs' ongoing reporting on the federal government's domestic surveillance efforts.

16. On October 28, 2016, Plaintiffs submitted a FOIA request to DOJ's National Security Division, seeking the "Memorandum for the Attorney General from Theodore B. Olson, Assistant Attorney General, Office of Legal Counsel, Re: Constitutionality of Certain National Security Agency Electronic Surveillance Activities Not Covered Under the Foreign Intelligence Surveillance Act of 1978, (May 24, 1984)" (the "Olson Memorandum Request").

17. DOJ acknowledged the request on November 17, 2016.

18. DOJ has failed to issue a response to the Olson Memorandum Request within 20 business days, as required under FOIA.

19. On December 13, 2016, Plaintiffs submitted a second FOIA request to DOJ's National Security Division. This request sought "the cover letter sent by Mr. Olson when transmitting the [Olson Memorandum]" to the Attorney General (the "Cover Letter Request").

20. As Plaintiffs observed in that request, the Cover Letter is among the records responsive to the Olson Memorandum Request. Plaintiffs filed the separate Cover Letter Request "out of an abundance of caution," in case DOJ interpreted the Olson Memorandum Request narrowly.

21. DOJ has failed to issue a response to the Cover Letter Request within 20 business days, as required under FOIA.

## COUNT I

22. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

23. Defendant DOJ is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

24. DOJ failed to act on Plaintiffs' Olson Memorandum Request within the 20 business days required by FOIA. *See* 5 U.S.C. § 552(a)(6)(A).  Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

25. DOJ has no lawful basis for declining to release the records requested by Plaintiffs under FOIA.

26. Accordingly, Plaintiffs are entitled to an order compelling DOJ to produce the documents sought by their request.

## COUNT II

27. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

28. Defendant DOJ is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

29. DOJ failed to act on Plaintiffs' Cover Letter Request within the 20 business days required by FOIA. *See* 5 U.S.C. § 552(a)(6)(A). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

30. DOJ has no lawful basis for declining to release the records requested by Plaintiffs under FOIA.

31. Accordingly, Plaintiffs are entitled to an order compelling DOJ to produce the documents sought by their request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

32. Declare that the documents sought by their request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

33. Order DOJ to provide the requested documents to Plaintiffs within 20 business days of the Court's order;

34. Award Plaintiffs the costs of this proceeding, including reasonable attorney's fees, as expressly permitted by FOIA; and

35. Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, NY
January 13, 2017

                                                               _____/s/_____
David E. McCraw, Esq.
Legal Department
The New York Times Company
620 8th Avenue, 18th Floor
New York, NY 10018
phone: (212) 556-4031
fax: (212) 556-1009
e-mail: mccrad@nytimes.com
*Counsel for Plaintiffs*

#61167v1