UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE, <br><br> Plaintiffs, <br><br> - against - <br><br> U.S. DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 17-cv-87 (CRC) |

**CONSENT MOTION TO BIFURCATE BRIEFING**

The above-captioned action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and concerns a FOIA request submitted by Plaintiffs The New York Times Company and Charlie Savage to Defendant Department of Justice ("DOJ"). In a response letter dated March 10, 2017, Defendant indicated that it had identified two documents responsive to Plaintiffs' request, and that it was withholding both documents in full on the basis that they are protected by the attorney-client privilege, and therefore exempt from disclosure under FOIA Exemption 5. *See* 5 U.S.C. § 552(b)(5). Defendant's response letter also stated that portions of one of the documents are exempt under FOIA Exemptions 1 and 3, because they are properly classified and protected by the National Security Act, 50 U.S.C. § 3024(i)(1). *See* 5 U.S.C. §§ 552(b)(1), (b)(3).

To conserve the Court's and the parties' resources, Defendant respectfully requests that summary judgment briefing in this matter be bifurcated, and that the parties' forthcoming

1

motions address solely Defendant's assertion of Exemption 5, while preserving Defendant's right to assert Exemptions 1 and 3 at a later date should that be necessary.  Plaintiffs consent to the relief requested herein.  In support of this motion, Defendant submits the following:

   1.   On March 22, 2017, the Court entered the parties' proposed briefing schedule, under which:  by May 5, 2017, DOJ will file its motion for summary judgment; by June 12, 2017, Plaintiffs will file their combined opposition to DOJ's motion and cross-motion for summary judgment; by June 30, 2017, DOJ will file its combined opposition to Plaintiffs' cross-motion and reply in support of its motion; and by July 21, 2017, Plaintiffs will file their reply in support of their cross-motion.  *See* Mar. 22, 2017 Minute Order.

   2.   As noted above, the two responsive records at issue in the parties' cross-motions for summary judgment have been withheld in full pursuant to Exemption 5 on the grounds of the attorney-client privilege.  Thus, the application of Exemption 5 is a threshold issue that the Court will necessarily need to resolve in this matter.

   3.   The proposed bifurcated briefing is particularly efficient with respect to Exemption 1 because the assertion of that exemption would likely entail the preparation and submission, *ex parte* and *in camera*, of a classified declaration setting forth the reasons why the information withheld under Exemption 1 requires protection.  If the Court grants summary judgment for Defendant as to the application of Exemption 5, there will be no need for the Government to prepare and submit—or for the Court to consider—a classified declaration addressing Exemption 1.  And even if the Court rejects Defendant's Exemption 5 argument, it is possible—though Plaintiffs do not concede as much—that Plaintiffs would not challenge the Defendant's partial withholdings under Exemptions 1 and 3.

4.  Bifurcating briefing to address first the FOIA exemption under which materials are withheld in full saves both the Court's and the parties' resources, and courts in this district frequently approve such requests.  *See*, *e.g.*, *Manning v. DOJ*, No. 15-cv-1654-APM (Dec. 15, 2015 Minute Order); *Accuracy in Media v. Dep't of Defense*, No. 14-cv-1589-EGS (June 23, 2015 Minute Order); *see also United We Stand America, Inc. v. IRS*, 359 F.3d 595 (D.C. Cir. 2004) (allowing agency to assert and defend additional redactions on remand where agency had reserved the right to so in district court filings).

5.  For all these reasons, Defendant respectfully requests that the Court enter an order making clear that the parties' forthcoming summary judgment motions – including Defendant's opening brief due May 5 – may be limited to Defendant's Exemption 5 assertion as the basis for withholding in full the two documents at issue in this matter, without Defendant forfeiting its ability to assert at a later date Exemptions 1 and 3 over portions of those same documents, if necessary.

Dated: May 1, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director,
Federal Programs Branch

 */s/ Julia A. Berman*
JULIA A. BERMAN (D.C. Bar No. 986228)
Trial Attorney
julia.berman@usdoj.gov
United States Department of Justice

3

          Civil Division, Federal Programs Branch
          20 Massachusetts Ave., N.W.
          Washington, D.C. 20530
          Tel: (202) 616-8480
          Fax: (202) 616-8470

          *Attorneys for Defendant*